UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES DARREN EASTRIDGE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | No.: 19-cv-2335-JBM |
| ) | |
| **STATE OF ILLINOIS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and confined at the Clark County Jail ("Jail") in Jeffersonville, Indiana, files a poorly articulated and possibly delusional Fourth Amendment claim under 42 U.S.C. § 1983. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff alleges, without background or explanation, that the Court in the Fifth Judicial Circuit, Vermilion County, Illinois, used satellite thermal imaging cameras to view him in violation of his Fourth Amendment rights against unreasonable search and seizure. Plaintiff claims that the cameras could photograph and video tape him through his clothing, viewing him nude. Plaintiff asserts that the FBI must be prohibited from using the photographs and video,

without explaining the FBI's involvement in the matter. Plaintiff alleges that these actions amount to an unreasonable search and seizure, an invasion of privacy, voyeurism, sexual harassment and sexual assault. He also claims, also without detail, that he has been wrongfully imprisoned.

**ANALYSIS**

While, "*pro se* litigants are held to a lesser pleading standard than other parties," *Federal Exp. Corp. v. Holowecki,* 552 U.S. 389, 402 (2008), a court need not "accept fantastic or delusional factual allegations." *McCuan v. Campanella*, No. 16-00605, 2016 WL 6248318, at *2–3 (S.D. Ill. Oct. 26, 2016) (internal citations omitted). *See also, Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001)(an "unintelligible" complaint should be dismissed as it fails to give adequate notice to the intended defendants). Plaintiff's complaint will be dismissed, and out of an abundance of caution, he will be given an opportunity to replead.

If Plaintiff files an amended complaint it must contain factual allegations sufficient to show that he is entitled to relief from each Defendant against whom he has asserted a claim. *See Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir. 2006), noting that Fed. R. Civ. P. 8(a) requires a "short and plain statement of the claim sufficient to notify the defendants of the allegations against them and enable them to file an answer." *See also*, *McIntosh v. Wexford Health Sources, Inc.*, 2017 WL 1067782, at *5 (S.D.Ill. March 21, 2017) ("plaintiff must make allegations that associate specific defendants with specific claims, so the defendants are put on notice of the claims brought against them and so they can properly answer the complaint.") (Internal citation omitted).

Plaintiff is placed on notice that the State of Illinois and the Fifth Judicial Circuit Court of Illinois are not "persons" amenable to suit under § 1983. *Maier v. Wood County Courthouse*,

No. 07-580, 2007 WL 3165825, at *2 (W.D. Wis. Oct. 24, 2007).  Plaintiff must either identify individuals whom he holds liable for his constitutional injury or allege that a policy of Vermilion County or the City of Danville caused the injury.  If Plaintiff fails to heed these instructions, his amended complaint will be dismissed with prejudice for failure to follow the Court's orders.

**IT IS THEREFORE ORDERED:**

Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  Plaintiff will have 30 days from the entry of this order in which to replead his claims.  The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. If Plaintiff files an amended complaint, it is to comport with the instructions given in this order or risk dismissal with prejudice.

  5/5/2020  
ENTERED

    s/Joe Billy McDade  
JOE BILLY McDADE  
UNITED STATES DISTRICT JUDGE